**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darrell Ray METCALF,
Defendant–Appellant.**

No. 89–1307.

United States Court of Appeals,
Fifth Circuit.

March 29, 1990.

Walter M. Reaves, West, Tex. (court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, W. Ray Jahn, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

**44**

Before KING, GARWOOD and SMITH, Circuit Judges.

KING, Circuit Judge:

Darrell Ray Metcalf contests the district court's application of the Sentencing Guidelines. We hold that the district court correctly determined that two prior convictions are not "related" offenses and should be separately counted in the criminal history score. We also conclude that the district court did not err in concluding that " 'crack' cocaine" is a "cocaine base" for purposes of calculating the offense level.

I.

On November 9, 1988, Darrell Ray Metcalf (Metcalf) was indicted and charged with distributing " 'crack' cocaine" in violation of 21 U.S.C. § 841(a)(1). Metcalf allegedly sold two "rocks" of cocaine to an undercover agent on October 15, 1988. Metcalf pleaded guilty to the charge.

The case proceeded to sentencing on March 27, 1989. In the pre-sentence investigation report (PSIR), Metcalf was assessed three points each for a burglary of a dry cleaning establishment on September 28, 1982, and a burglary of an automobile on March 13, 1983. The 1982 case was placed on deferred adjudication,[1] and Metcalf was given a seven-year term of probation. However, after the 1983 conviction, the deferred adjudication was "revoked." Sentencing for both cases had occurred on May 17, 1983, but they were separately docketed, and there was no order of consolidation. Metcalf objected to the separate counting of the 1982 and 1983 offenses in the PSIR. He argued that they were "related offenses" under the Sentencing Guidelines (Guidelines) since they were allegedly consolidated for sentencing. Thus, he argued that the 1982 and 1983 offenses should be counted together resulting in a three, rather than six, point increase. The

district court rejected Metcalf's argument, concluding that the two offenses were "not related cases at all."

Metcalf also objected to the calculation of his offense level. The PSIR based the computation of the amount of cocaine on that portion of the Guidelines' tables dealing with "cocaine base." The cocaine base driven calculation resulted in an offense level of 14 rather than 12.[2] Metcalf argued that he pleaded guilty to distribution of " 'crack' cocaine," not cocaine base, and that his offense level should be 12. However, the district court concluded that " 'crack' cocaine is a cocaine base" and set the offense level at 14.

II.

Metcalf appeals from the district court's calculation of his offense level and criminal history score. To the extent that these issues turn on interpretation of the Guidelines, we review to determine if the sentence was "imposed as a result of an incorrect application of the sentencing guidelines." *United States v. Geiger*, 891 F.2d 512, 513 (5th Cir.1989). However, factual findings of the sentencing court are subject to "clearly erroneous" review. *United States v. Reyes-Ruiz*, 868 F.2d 698, 701 (5th Cir.1989).

III.

Metcalf first contends that the district court erred in concluding that his 1982 and 1983 burglary convictions were not "related cases." He maintains that both cases were consolidated for sentencing and thus, under the Guidelines, should have resulted in only a single three point increase.

Sentencing Guideline 4A1.2(a)(2) provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." The Application Notes to that section define "related cases" as including those "consolidat-

1. For an explanation of the Texas deferred adjudication procedure, see *infra* note 4.

2. The Department of Public Safety Lab classified the "rocks" sold by Metcalf as cocaine with a total weight of .25 grams.

ed for trial or sentencing." Sentencing Guidelines § 4A1.2 Application Note 3. The Guidelines recognize that at times this definition of related offenses may be "overly broad" and result in a criminal history score which underrepresents the seriousness of the defendant's criminal past and the danger the defendant presents to the public. In such circumstances, departure is warranted. *Id.; see also Geiger*, 891 F.2d at 514. One situation presented in the commentary in which the definition of related cases is "overly broad" and departure is appropriate concerns a scenario where a defendant commits "a number of offenses on independent occasions" but the resulting criminal cases are consolidated for trial or sentencing. In such a scenario, the cases are treated as related and result in only one increase for purposes of the criminal history score. Sentencing Guidelines § 4A1.2 Application Note 3.[3]

The relevant part of Metcalf's criminal history consisted of a burglary of a dry cleaning establishment on September 28, 1982, for which he was placed on deferred adjudication on December 22, 1982, and a burglary of an automobile on March 13, 1983. On May 17, 1983, Metcalf was convicted of the 1983 burglary and received a sentence of ten years. Also on that date, Metcalf's deferred adjudication was revoked,[4] and he was sentenced on the 1982 offense to ten years to run concurrently with the 1983 offense.

The PSIR counted the two offenses separately and assessed three points for each offense. Metcalf objected to the PSIR and contended that according to section 4A1.2 of the Guidelines, the offenses were "related." The court rejected Metcalf's argument finding that the offenses were unrelated.[5] The court then counted six points (three points each for the two burglaries) rather than assessing three points in total for the two offenses. Metcalf contends that the court erred in concluding that the 1982 and 1983 offenses were "separate" because offenses that are consolidated for

---

**3.** The text of Application Note 3 is provided below:

*Related Cases:* Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a combined history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for the factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances, the court should consider whether departure is warranted. *See* [Sentencing Guidelines] § 4A1.3.

Sentencing Guidelines § 4A1.2 Application Note 3.

**4.** Under the Texas' deferred adjudication procedure, a defendant who enters a guilty plea or plea of nolo contendere is eligible for deferral of an adjudication of guilt. If the sentencing court finds that deferral is in the "best interest of society," it may "defer further proceedings without an adjudication of guilt, and place the defendant on probation...." Tex.Code Crim.

Proc.Ann. art. 42.12 § 3d(a). However, upon a violation of a condition of probation, the defendant may be arrested, detained and, upon hearing, the court may proceed with an adjudication of guilt. *Id.* § 3d(b). "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." *Id.*

Here, Metcalf alleges, he was placed on deferred adjudication on December 22, 1982, with a term of probation of seven years. His 1983 offense was considered a violation of his probation, the probation was "revoked," and on May 17, 1983, the case was adjudicated and a sentence was imposed. Metcalf contends that no adjudication of guilt or imposition of sentence occurred with respect to the 1982 offense until May 17, 1983. Thus, he contends that his 1982 offense was "consolidated for trial or sentencing" on May 17, 1983, with the 1983 offense for which he pleaded guilty and was sentenced. We assume, without deciding, that Metcalf is correct in his position that his adjudication of guilt and imposition of sentence for the 1982 offense should be considered to have occurred on May 17, 1983. However, for the reasons expressed below, we do not consider the 1982 offense to have been consolidated for trial or sentencing with the 1983 offense.

**5.** It is clear that the court was not departing from the Guidelines.

sentencing are "related" under the Guidelines. He contends that the two prior cases were consolidated for sentencing because they were disposed of on the same day, the sentences were for the same duration, and were made to run concurrently.

We reject Metcalf's argument that the 1982 and 1983 offenses were related because we conclude that they were not consolidated for sentencing.

Metcalf finds the imposition of concurrent sentences significant. However, in *United States v. Flores,* we rejected an assertion that cases are consolidated for sentencing under the Guidelines "[s]imply because two convictions have concurrent sentences." 875 F.2d 1110, 1114 (5th Cir. 1989). Moreover, we do not believe that sentencing on two distinct cases on the same day necessitates a finding that they are consolidated. Here, the 1982 and 1983 offenses proceeded to sentencing under separate docket numbers and there was no order of consolidation. The two cases were also not factually tied in any way. We do not purport to provide an all-encompassing definition of the term "consolidated for trial or sentencing" in Application Note 3. However, we find that on these particular

facts, the 1982 and 1983 offenses were not consolidated for trial or sentencing.[6]

## IV.

■ Metcalf also contends that, absent proof, "cocaine base" cannot be considered "equivalent" to "crack cocaine." The district court concluded that the "crack cocaine" Metcalf pleaded guilty to distributing was "cocaine base." Thus, under the Guidelines, Metcalf's offense level was increased from 12 to 14. Metcalf maintains that the district court's erroneous assumption that crack cocaine is a cocaine base resulted in an improper two-point increase in his offense level.

We disagree with Metcalf's conclusion that "crack cocaine" is not "cocaine base." Numerous cases have held that crack cocaine is one type of cocaine base. *United States v. Buckner,* 894 F.2d 975, 976 n. 1 (8th Cir.1990) ("Cocaine base or 'crack' 'is any form of cocaine with [a] hydroxyl radical' in the chemical compound."); *United States v. Barnes,* 890 F.2d 545, 553 (1st Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990) ("The chunks seized were the form of cocaine known as 'crack,'" which falls within the definition of "cocaine base."); *United*

6. The Ninth Circuit was presented with the task of defining consolidated sentences in *United States v. Gross,* 897 F.2d 414 1990 U.S.App. LEX-IS 2570 (9th Cir.1990). In *Gross,* a "single sentencing proceeding" was held for two forgery convictions and a conviction for insufficient funds on checks. The cases were "factually unrelated" and were given separate case numbers. There was no order of consolidation, and the sentence in each case was reported on a separate minute order. However, the sentence for each conviction ran concurrently with the others. The court recognized that "no federal cases" had explained the consolidated sentences aspect of Application Note 3 of section 4A1.2 of the Guidelines. Unfortunately, the court did not undertake the task of defining the phrase "consolidated for ... sentencing." Instead, the court rejected the consolidated for sentencing aspect of Application Note 3 because it considered the Note "not binding law, [and] only advisory commentary to assist in the application of the statute." The court reasoned that where a defendant convicted of multiple unrelated offenses has these offenses consolidated for sentencing, that defendant should not be

"fortuitously" sentenced to a lesser term than a defendant who does not have his offenses consolidated for sentencing. This court, however, has previously recognized the force of the consolidated for sentencing aspect of Application Note 3. *United States v. Flores,* 875 F.2d 1110, 1113 (5th Cir.1989). *United States v. Roberson,* 872 F.2d 597, 607 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *United States v. Geiger,* 891 F.2d 512, 513 (5th Cir.1989); *see also United States v. White,* 893 F.2d 276, 279 (10th Cir.1990); *United States v. Dorsey,* 888 F.2d 79, 80 (11th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990); *United States v. Jackson,* 883 F.2d 1007, 1009 (11th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 747, 107 L.Ed.2d 764 (1990); *United States v. Jones,* 898 F.2d 1461 (10th Cir.1990). Moreover, the text of Application Note 3 specifically addresses the Ninth Circuit's weighty concerns about "haphazard" sentencing. The Note recognizes that where its definition of related offenses is "overly broad," the appropriate measure for the district court to take is departure from the Guidelines. Thus, this court will accord respect to Application Note 3, as we have in the past.

States v. Brown, 859 F.2d 974, 976 (D.C. Cir.1988) ("Brown was convicted of dealing a form of cocaine base known as 'crack,' which was the primary target of the National Penalties and Enforcement Act."). *Buckner*, *Barnes* and *Brown* teach that crack cocaine is a form of cocaine base. Moreover, the Drug Equivalency Tables to the Guidelines specifically consider cocaine base as an equivalent of crack cocaine, stating "1 gm of Cocaine Base ("Crack") = 100 gm of cocaine." Drug Equivalency Tables to Sentencing Guidelines § 2D1.1. Therefore, we conclude that the district court did not err in finding "crack cocaine" to be a "cocaine base" under the Guidelines.

### V.

For all the foregoing reasons, we conclude that the district court did not err in calculating Metcalf's offense level and criminal history score.

AFFIRMED.