**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cynthia Jo AINSWORTH, Defendant–Appellant,**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank GILES, Defendant–Appellant.**

**Nos. 90–8034, 90–8035 and 90–8299.**

United States Court of Appeals, Fifth Circuit.

May 15, 1991.

Rehearing Denied June 12, 1991.

B. Dwight Goains, Waco, Tex. (Court appointed counsel), for defendant-appellant Cynthia Jo Ainsworth.

Cynthia J. Ainsworth, pro se.

Walter M. Reaves, Jr., West Tex. (court-appointed), for defendant-appellant Frank Giles.

Mark R. Stelmach, LeRoy Morgan Jahn, Asst. U.S. Attys., San Antonio Tex., Ronald F. Ederer, U.S. Atty., for the U.S.

Before GOLDBERG, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In this appeal from their sentences, the defendants challenge the district court's calculation of their criminal history level under the federal sentencing guidelines, believing that previous crimes they had committed were "informally consolidated" because the sentencing occurred at one hearing. They thus contend that the district court erred by counting the earlier crimes as separate offenses when computing their criminal history level. Finding no error, we affirm.

## I.

### A.

Although the defendants in this consolidated appeal raise overlapping issues, their actions are unrelated. According to the factual basis for defendant Frank Giles's plea, he brought an undercover agent to a house where the agent could purchase crack cocaine. The agent purchased the crack while Giles waited in the car. The agent then returned Giles to his home.

The authorities later arrested Giles for his role in setting up the drug transaction. The district court calculated Giles's offense level at 14 but gave him a two-point downward adjustment because his role in the transaction was minor. The court also gave Giles a two-point downward adjust-

ment for his acceptance of responsibility, leaving him with an offense level of 10.

Giles objected to the court's calculation of his criminal history level. In May 1985, Giles was arrested for possession of amphetamine and marihuana and for unlawfully carrying a weapon. In June of the same year, Giles again was arrested for possession of marihuana, Valium, and methamphetamine; he was sentenced for these separate crimes at one hearing in 1986. He thus contends that the cases should be considered consolidated for purposes of calculating his criminal history level in the instant case.

### B.

Defendant Cynthia Ainsworth sold 6.89, 12.9, 34.57, and 62.92 grams of amphetamine to undercover agents. At the final buy, Ainsworth sold 105.73 grams of amphetamine to an undercover agent in return for $5600. During the transaction, the officer observed a .38 caliber pistol in Ainsworth's pocket.

When agents attempted to arrest Ainsworth, she ran away but was captured several minutes later. Because she no longer had the gun and the money, agents searched the area and found the weapon and money hidden nearby, under a car and in a spare tire, respectively.

Based upon the amphetamines Ainsworth had sold to the undercover officers, the district court calculated an offense level of 20. The court increased this offense level by four because of Ainsworth's obstruction of justice and her possession of a firearm during the commission of the offense. Like Giles, Ainsworth objects to the court's counting earlier sentences as separate offenses; she also questions the court's denial of her request for a downward adjustment based upon her cooperation with the authorities, and she challenges the court's increase in her sentence based upon her possession of a firearm.

### II.

■ The sentencing guidelines, U.S.S.G. § 4A1.1, provide that, in calculating criminal history, a district court should base its calculations upon the minimum term that the defendant should have served for his or her prior offenses. "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." *Id.* § 4A1.3. Thus, "[a] departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.*

In evaluating what is a prior sentence, the guidelines provide that "[p]rior sentences imposed in unrelated cases are to be counted separately. *Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Id.* § 4A1.2 (emphasis added). The commentary for this section provides that a sentencing court should consider previous cases to be related if they occurred on a single occasion, were part of a single scheme, or "were consolidated for trial or sentencing." *Id.* application note 3. Both defendants, in their previous prosecutions, were sentenced for unconnected crimes that each had committed. Although no formal consolidation order was entered in these cases, the defendants claim that their cases represent "informal consolidation."

The defendants cite three decisions that establish that cases may be tried together in Texas if the defendant at least impliedly consents.[1] The mere fact that cases are tried together, however, does not make them consolidated.

In *United States v. Metcalf,* 898 F.2d 43, 45–46 (5th Cir.1990), we confronted a defendant who claimed that

---

**1.** *E.g., Garza v. State,* 687 S.W.2d 325, 329 (Tex. Crim.App.1985) (en banc); *Watson v. State,* 488 S.W.2d 816, 817 (Tex.Crim.App.1972); *Royal v. State,* 391 S.W.2d 410, 412 (Tex.Crim.App.1965).

the [district] court erred in concluding that the 1982 and 1983 offenses were 'separate' because offenses that are consolidated for sentencing are 'related' under the Guidelines ... [and] that the two prior cases were consolidated for sentencing because they were disposed of on the same day, the sentences were for the same duration, and were made to run concurrently.

We first noted that in *United States v. Flores*, 875 F.2d 1110, 1114 (5th Cir.1989), we had rejected the proposition that cases must be considered consolidated "simply because two convictions have concurrent sentences." We also rejected the notion that "sentencing on two distinct cases on the same day necessitates a finding that they are consolidated." *Metcalf*, 898 F.2d at 46. We concluded that while we did "not purport to provide an all-encompassing definition of the term 'consolidated for trial or sentencing,'" in cases that "proceeded to sentencing under separate docket numbers" and in which there "was no order of consolidation," there was a significant indication that the cases were not consolidated. *Id.*

In the instant cases, the state courts, when sentencing the defendants for their earlier crimes, did not promulgate formal consolidation orders, as the cases involved unrelated crimes. The logical conclusion under *Metcalf*, which used these two factors to dispose of its case, is to arrive at the same result today: Simply because the cases were sentenced together has little to do with whether they were in fact consolidated. *See Flores*, 875 F.2d at 1114. The state courts were not required to send the defendants out of the courtroom before each sentence in order to ensure that the cases would not be deemed "consolidated." And the sentencing court *a quo* was not required to treat unrelated crimes as a single crime merely because a judge handed down concurrent sentences.[2]

The defendants wish us to embrace the concept of informal consolidation because under Texas law, consolidation can occur only where the defendant is being prosecuted for events arising out of a single criminal episode, the separate crimes were committed pursuant to a common scheme or plan, or the offenses are similar to each other. Tex.Pen.Code Ann. § 3.02 (Vernon 1974). Because these circumstances are so "limited," the defendants argue that it is difficult to have unrelated cases consolidated in Texas.

This is a policy judgment the Texas legislature has made, however. For example, we note that the court in *United States v. Gross*, 897 F.2d 414, 416–17 (9th Cir.1990), "reject[ed] that part of Application note 3 that suggests that cases consolidated for sentencing are to be deemed related." The court concluded that unrelated cases that were in fact consolidated still could be considered separate, despite the *formal* consolidation.

■ It is not unreasonable for the Texas legislature to have made the same determination that cases unrelated factually should not be consolidated. Although we are not bound by that choice and do not reject the guidelines commentary, we also see little reason automatically to consider cases to be consolidated where state law is to the contrary. Instead, a district court must determine for itself whether the crimes in fact were related, with concurrent sentencing being only one factor. We thus hold that the district court did not err in its calculation of either of the defendants' criminal history levels.

### III.

### A.

■ The sentencing guidelines provide that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or

---

**2.** *See United States v. Paulk*, 917 F.2d 879, 884 (5th Cir.1991) ("Simply because sentences run concurrently and were imposed on the same day does not require the sentences to be consolidated for guideline purposes absent a showing of a close factual relationship between the convictions." (citing *Flores*, 875 F.2d 1110)); *accord United States v. Kinney*, 915 F.2d 1471, 1472 (10th Cir.1990); *United States v. Jones*, 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed2d 230 (1990).

impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense, increase the offense level by two levels." U.S.S.G. § 3C1.1. This provides a sentence enhancement for a defendant who engages in misleading conduct, including destroying or concealing material evidence. *Id.* application note 3(d). We utilize a clearly-erroneous standard to review trial court determinations that obstruction of justice has occurred. *United States v. Pierce,* 893 F.2d 669, 677 (5th Cir.1990); *United States v. Rivera,* 879 F.2d 1247, 1254 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989).

Ainsworth argues that, because the gun was irrelevant to her charge of conspiracy to distribute methamphetamine, her discarding of it also was irrelevant, which would lead to the conclusion that she did not obstruct justice. Ainsworth, however, construes the district court's sentencing authority too narrowly. The district court can consider a broad range of conduct under the guidelines and is not limited solely to the conduct for which the defendant is being sentenced. *United States v. Taplette,* 872 F.2d 101, 106 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989).

In this case, the gun was relevant to Ainsworth's criminal conduct, as it could have been used to back up her drug deals. More importantly, Ainsworth also hid $5600 in drug money given to her in the drug transaction by undercover officers. Even if the gun were not material, the very money that could be traced to the drug transaction certainly was. By hiding her drug proceeds, Ainsworth was attempting to prevent her apprehension and conviction. The district court thus did not err by hold-ing that she should be assessed a two-point upward adjustment for her attempt to obstruct justice.

**B.**

Ainsworth also contends that the district court erred by not reducing her offense level by two points for her acceptance of responsibility. Section 3E1.1 provides that a court may reduce the offense level by two points "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The standard of review under this provision is most deferential, as " 'the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.' " *United States v. Roberson,* 872 F.2d 597, 610 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989) (quoting § 3E1.1, application note 5). This is an even more lenient standard than the clearly-erroneous standard. *United States v. Fabregat,* 902 F.2d 331, 334 (5th Cir.1990) (per curiam).

At the time of sentencing, the guidelines *uniformly prohibited* a district court from assessing obstruction of justice points and acceptance of responsibility adjustments simultaneously. *Rivera,* 879 F.2d at 1254. The guideline provision in effect at the time of sentencing dictates which version of the guidelines we must apply. *United States v. Woolford,* 896 F.2d 99, 103 n. 5 (5th Cir.1990); 18 U.S.C. § 3553(a)(4)–(5). Because Ainsworth obstructed justice by seeking to evade police pursuit, she is precluded from preferential treatment for acceptance of responsibility.[3] Ainsworth

---

**3.** Ainsworth argues that we must apply the more lenient *amended* guidelines provision. Even if we did, however, the result would be the same in this case. The new application note 4 suggests that adjustments for both obstruction of justice and acceptance of responsibility still will be rare and will occur only in "extraordinary cases." Ainsworth does not present a case of cooperation so extraordinary that the district court erred by failing to adjust her offense level, considering that she attempted to evade capture by running from the police officers and throwing her gun under a car. Because scenarios such as those presented by Ainsworth's flight and subsequent cooperation were considered by the Sentencing Commission in formulating the guidelines, the district court could use Ainsworth's cooperation only to make an adjustment *within* the guideline range. *See United States v. Lopez,* 875 F.2d 1124, 1126 (5th Cir.1989) (no departure permitted on the basis of circum-

thus has failed to carry her great burden of showing that the district court's denial was "without foundation." *United States v. Thomas,* 870 F.2d 174, 176–77 (5th Cir. 1989).

### C.

■ The district court increased Ainsworth's offense level by two because she possessed a dangerous weapon during the commission of an offense involving drugs. *See* U.S.S.G. § 2D1.1(b)(1). In addition, the court also sentenced Ainsworth, pursuant to her guilty plea, for possessing a firearm after having previously been convicted of a felony. Ainsworth now contends that this assessment in two situations for the same weapon violated her double jeopardy rights, in violation of the fifth amendment.

Ainsworth's argument "misperceives the distinction between a sentence and a sentence enhancement." *United States v. Mocciola,* 891 F.2d 13, 17 (1st Cir.1989). The *Mocciola* court, citing *United States v. Juarez–Ortega,* 866 F.2d 747 (5th Cir.1989), noted that a sentence is for a crime and that the sentence enhancement is for adjustments within the permissible range for that or another crime. Because the two are separate, consideration of the two in different contexts is not improper.

### IV.

We reject the suggestion made by the defendants that a district court must consider unrelated prior criminal offenses to be a single consolidated crime simply because they were disposed of at the same time. Because neither of the defendants raises any other meritorious arguments, we AFFIRM the judgments of sentence in all respects.

stances adequately considered by the Commission); *United States v. Uca,* 867 F.2d 783, 786–87 (3d Cir.1989) (same).

* Judge Thomas Gibbs Gee was a member of the panel that decided this case but resigned from