**UNITED STATES of America, Appellee,**

v.

**Randall N. LEWCHUK, Appellant.**

No. 91–2306.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided March 12, 1992.

Jerold V. Fennell, Omaha, Neb., for appellant.

Ronald D. Lahners and Bruce W. Gillam, Lincoln, Neb., for appellee.

Before ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

ARNOLD, Chief Judge.

Randall N. Lewchuk appeals his sentence of two years and nine months imposed by the District Court[1] after he pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court calculated thirteen criminal-history points, resulting in a criminal-history category of VI. Lewchuk challenges this computation. We affirm.

In February 1985, Lewchuk was charged in Madison County, Nebraska, with willfully failing to appear in court on February 12, 1985; in December 1987, he was charged with failure to appear in court on November 24, 1987; and in June 1988, he was charged in a four-count indictment with refusal to submit to a chemical test, flight to avoid arrest, resisting arrest, and criminal mischief, all occurring on June 12, 1988. In July 1988, Lewchuk was charged in Stanton County, Nebraska, with burglary of a granary in November 1984, and with failure to appear in court in February 1985 on the burglary charge.

On August 8, 1988, the Madison County court imposed consecutive prison sentences of six months on each charge of failure to appear and concurrent sentences totalling one year on the four-count indictment. The District Court assessed two criminal-history points for each of these three criminal matters, for a total of six points. See U.S.S.G. § 4A1.1(b) (two points for each prior prison sentence of at least sixty days but not more than one year and one month).

On August 19, 1988, the Stanton County court imposed consecutive prison sentences

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

of five to ten years on the burglary charge, and twenty months to five years on the failure-to-appear charge. These consecutive sentences were ordered to run concurrently with the sentences imposed in Madison County. The District Court assessed three criminal-history points for the Stanton County offenses. See U.S.S.G. § 4A1.1(a) (three points for each prior prison sentence exceeding one year and one month). The Court assessed four additional points for other offenses not at issue here.

■ Lewchuk argues that he should not have received more than five criminal-history points for the above offenses because they were consolidated for sentencing. See U.S.S.G. § 4A1.2(a)(2) (prior sentences imposed in related cases treated as one sentence for purposes of criminal history); U.S.S.G. § 4A1.2, note 3 (cases are related if they occurred on single occasion, were part of single common scheme or plan, or were consolidated for trial or sentencing). He does not argue in this appeal that the cases were factually connected.

The District Court properly assessed three points for the Stanton County sentences. Although those sentences were imposed concurrently with the sentences for the Madison County offenses, they were imposed at different times by different courts under different docket numbers, and there was no consolidation order. See *United States v. Watson*, 952 F.2d 982, 990–91 (8th Cir.1991) (offenses not related where defendant was convicted in two separate proceedings and sentenced in two separate proceedings by different courts having separate jurisdictions); *United States v. Rivers*, 929 F.2d 136, 139 (4th Cir.) (reversing decision that sentencings in city and county courts were consolidated because, inter alia, the convictions were adjudicated five months apart in different courts having separate jurisdictions), *cert. denied*, — U.S. —, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir.1990) (cases not related under § 4A1.2 even though they resulted in concurrent sentences on same day where cases proceeded to sentencing under separate docket numbers, there was no order of consolidation, and cases were not factually tied).

■ The District Court also properly assessed two points for each of the Madison County criminal matters. Although the state court disposed of the cases on the same day, it imposed consecutive sentences under different docket numbers, and there was no formal order of consolidation. See *Metcalf*, 898 F.2d at 46; *United States v. Ainsworth*, 932 F.2d 358, 361 (5th Cir.) (two cases not related under § 4A1.2 even though defendant was sentenced for both crimes at one hearing where cases were unconnected and no formal consolidation order was entered), *certs. denied*, — U.S. —, 112 S.Ct. 327, 116 L.Ed.2d 327, — U.S. —, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991).

Accordingly, we affirm.