**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3028

_____

United States of America,    *
                            *

        Appellee,       *

                             *

Appeal from the United States

    v.             *

District Court for the

                             *

Eastern District of Arkansas.

Eric Edward Erickson,    *

                             *

[UNPUBLISHED]

        Appellant.     *

_____

Submitted:  July 23, 1997

Filed: August 12, 1997

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Eric Edward Erickson pleaded guilty to possessing false identification while on pretrial release, in violation of 18 U.S.C. §§ 1028(a) and 3147, and to possessing counterfeit securities of VISA while on pretrial release, in violation of 18 U.S.C. §§ 513(a) and

3147.  The district court[1] imposed two 40-month sentences, to be followed by two 6-month sentences, with the resulting 46-month sentences to be served

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

concurrently.  On appeal, counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). We affirm.

Counsel first argues that the district court erred in overruling an objection to Erickson's criminal history score.  He argues, as he did below, that two of the convictions, for which Erickson received 3 criminal history points each, were sentenced by the same court on the same day and resulted in concurrent sentences.  The Guidelines provide that related cases are to be treated as one sentence for purposes of calculating the defendant's criminal history score, and define "related" cases as those "result[ing] from offenses that (1) occurred on the same occasion, (2) were part of a single scheme or plan, or (3) were consolidated for trial or sentencing."  U.S.S.G. § 4A1.2(a)(2), comment. (n.3).

Erickson's prior offenses--escape from a correctional institution in July 1991, and stealing a car in December 1991--were neither committed close in time nor similar; moreover, they had separate docket numbers, and there is no indication that they were part of a similar scheme or plan.  Thus, we conclude the district court did not err in finding the sentences unrelated. <u>See</u> <u>United States v. Klein</u>, 13 F.3d 1182, 1185 (8th Cir.) (concurrent sentences had separate docket numbers, underlying offenses occurred on different dates, and there was no consolidation order), <u>cert. denied</u>, 512 U.S. 1226 (1994); <u>United States v. Lewchuk</u>, 958 F.2d 246, 247 (8th Cir. 1992) (concurrent sentences imposed at different times by different courts under different docket numbers with no consolidation order).

-3-

Counsel also argues that the district court erred in ordering the 6-month portion of Erickson's sentences to be served consecutively to his 40-month sentences. This argument fails under the plain language of section 3147, which provides that a person who commits an offense while on pretrial release "shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment [which] shall be consecutive to any other sentence of imprisonment." Because Erickson pleaded guilty

to committing the substantive offenses while on release, in violation of section 3147, the district court properly ordered the 6-month sentences to be served consecutively. See United States v. Lincoln, 956 F.2d 1465, 1472-74 (8th Cir.), cert. denied, 506 U.S. 891 (1992).

Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.