IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10630
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID DEFINA,
also known as Syde Patrick Defina,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CR-49-1
- - - - - - - - - -
December 17, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    David Defina appeals from his sentence for possession with intent to distribute approximately two kilograms of cocaine. Defina pleaded guilty under his brother's name in order to conceal the fact that Defina was on probation at the time of his offense. Defina's true name was discovered prior to sentencing and he was given a sentence enhancement for obstruction of justice.

    Defina argues that the district court erred in failing to reduce his offense level for acceptance of responsibility pursuant

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to United States Sentencing Guidelines Manual § 3E1.1.  We review the district court's finding of acceptance of responsibility under a standard even more deferential than the clearly-erroneous standard.  United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir. 1991); U.S. Sentencing Guidelines Manual [hereinafter U.S.S.G.] § 3E1.1 comment. (n.5).

Defina bore the burden of "demonstrating the recognition and affirmative acceptance of personal responsibility."  United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995); see U.S.S.G. § 3E1.1(a).  Defina's burden was much higher because a defendant who has received a sentence enhancement for obstruction of justice will not be granted a sentence reduction for acceptance of responsibility, except under "extraordinary" circumstances. U.S.S.G. § 3E1.1(a) comment. (n.4).  Defina's attempts to meet this burden were clearly insufficient.

As Defina did not meet his burden of proof, it was proper for the district court to summarily deny him the sentence reduction for acceptance of responsibility.

AFFIRMED.