United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-10617
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

DEANNA LYNN KEITH,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-14-ALL-Y
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Deanna Lynn Keith appeals from her guilty-plea conviction

for bank robbery.  She argues that the district court erred by

imposing a six-level adjustment pursuant to U.S.S.G.

§ 2B3.1(b)(2)(B) because she "otherwise used" a firearm during

her offense of conviction.  Because the facts underlying this

issue are undisputed, we review the district court's application

of this adjustment de novo.  United States v. Gonzales, 40 F.3d

735, 738 (5th Cir. 1994); see also United States v. Villanueva,

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

408 F.3d 193, 202, 203 n.9 (5th Cir. 2005)(holding that, post-Booker, this court continues to utilize the same standards of review when considering a district court's application of the Sentencing Guidelines and findings of fact). Keith's statements to the bank teller, expressed while Keith was pointing a firearm at the teller, were sufficient to qualify as having "otherwise used" a firearm. See United States v. Nguyen, 190 F.3d 656, 661 (5th Cir. 1999) (firearm was "otherwise used" when robbers "clearly signaled that further violence, including use of the guns, would be the consequence of resistance"); U.S.S.G. § 1B1.1, comment. (n.1(I)); cf. United States v. De La Rosa, 911 F.2d 985, 993 (5th Cir. 1990) (firearm was "otherwise used" during kidnapping offense when defendant "waved a gun during an argument and warned that anyone going to the police would have to deal with her.").

Keith also contends that the district court erred by imposing a two-level adjustment pursuant to U.S.S.G. § 3C1.1 because she threw the stolen money and the contents of her purse out of her car window as she was being pursued by police officers immediately after the robbery. She asserts that, pursuant to U.S.S.G. § 3C1.1, comment. (n.4(d)), her obstructive conduct did not qualify for the obstruction adjustment because her conduct was contemporaneous with her arrest and was not a material hindrance to the official investigation of her offense. Regardless of whether Keith's obstructive conduct was

contemporaneous with her arrest, throwing the stolen money out of her car window was a material hindrance to the official investigation of her offense. See United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir. 1991). The district court's imposition of the obstruction adjustment on this basis did not constitute clear error. See id.

For the first time on appeal, Keith argues that her sentence should be vacated and the case remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), because the facts underlying her sentencing adjustments were not proved to a jury beyond a reasonable doubt or admitted by her and because the district court utilized a mandatory sentencing scheme rather than an advisory one. There was no Sixth Amendment violation in this case because Keith admitted to the facts underlying the sentencing adjustments. See United State v. Holmes, 406 F.3d 337, 364 (5th Cir. 2005). Her challenge to the district court's use of a mandatory sentencing scheme fails to meet the plain-error standard because she has not shown that the error affected her substantial rights. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005).

AFFIRMED.