United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

**No. 05-51362**

———————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ORLANDO MORALES,**

**Defendant-Appellant.**

———————

**Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-1152-2)**

———————

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

On remand for resentencing under **Booker**, Orlando Morales was sentenced to, *inter alia*, two concurrent 151-month terms of imprisonment. He challenges that sentence on two bases: imposition of a career-offender enhancement, due to two prior state-court armed-robbery convictions; and denial of a "minor role" downward adjustment. **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales pleaded guilty in August 2004 to a two-count indictment charging him with conspiracy to possess, and possession with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Applying the 2003 Sentencing Guidelines, the 25 October 2004 presentence investigation report (PSR) determined Morales' offenses involved 146.69 grams of cocaine, resulting in a base offense level of 18. *See* U.S.S.G. § 2D1.1(a)(3). Because Morales had two prior state armed-robbery convictions, the PSR recommended increasing his offense level to 32, pursuant to a career-offender enhancement under Guidelines § 4B1.1(a) (defining "career offender" as a defendant convicted of "a felony that is either a crime of violence or a controlled substance offense", when that defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense").

In recommending this enhancement, the PSR stated Morales had been convicted of: two counts of armed robbery in Carlsbad, New Mexico, on 27 August 1984 (docket number CR-84-187-F) (the Carlsbad robberies); and two counts of armed robbery in Hobbs, New Mexico, on 4 September 1984 (docket number CR-84-188-F) (the Hobbs robberies). The sentencing record, however, did not contain a citation to the New Mexico armed-robbery statute or any state-court documents relating to these convictions. In any event, the PSR stated Morales' prior armed-robbery offenses: were committed on

different dates, with different victims, in different cities; and were prosecuted pursuant to different arrest dates, cause numbers, judges, and sentencing dates. Thus, the career-offender recommendation rested upon the implicit conclusion in the PSR that Morales' armed-robbery convictions constituted "two prior felony convictions" of "crime[s] of violence" within the meaning of Guidelines § 4B1.1(a).

After a recommended acceptance-of-responsibility reduction, Morales' recommended total offense level was 29. This offense level, combined with the Category VI criminal-history score applicable to career offenders, resulted in a guideline range of 151-188 months.

Morales objected, contending the career-offender enhancement was improper in the light of *Blakely v. Washington*, 542 U.S. 296 (2004) (holding unconstitutional a defendant's *state* sentence being increased based on a fact not found by the jury beyond a reasonable doubt). He also maintained, pursuant to Guidelines § 4A1.2: the prior felony convictions occurred more than 15 years earlier (1984), and, therefore, should not be counted for the career-offender enhancement.

At sentencing on 22 November 2004, the district court rejected Morales' objections. Adopting the PSR's recommendation, it sentenced Morales to two 162-month imprisonment terms to be served

concurrently.  Morales filed a notice of appeal on 23 November 2004.

His 4 May 2005 brief to this court presented two claims:  he should be resentenced pursuant to *United States v. Booker*, 543 U.S. 220, 233-34, 244 (2005) (holding sentencing guidelines advisory rather than mandatory; any fact, other than a prior conviction, necessary to support a sentencing enhancement must be admitted by the defendant or proved to a jury beyond a reasonable doubt), which had been decided on 12 January 2005, after Morales' sentencing; and, pursuant to *Blakely*, his career-offender enhancement was improper because he did not admit, and a jury did not find, his prior armed-robbery offenses were either related or crimes of violence.

Before our court ruled on these claims, the Government on 6 June 2005 filed an unopposed motion to vacate and remand for resentencing in the light of *Booker*.  Later that month, our court granted the motion.

At resentencing, Morales:  reasserted the career-offender enhancement was improper because his two armed-robbery convictions were "related" and thus, under § 4A1.2, constituted only one prior conviction; and, for the first time, contended he should receive a downward adjustment for a claimed minor role in the drug offenses. As discussed *infra*, Morales did *not* assert, however, that his prior armed-robbery convictions were not crimes of violence.

4

At resentencing on 29 September 2005, the district court: rejected Morales' contentions; denied a downward-departure and request for a variance from the Guidelines; and sentenced Morales to two concurrent 151-month imprisonment terms (11 months less for each sentence than the first sentence). Morales again appealed.

## II.

Morales contends: his career-offender enhancement was improper because his two prior armed-robbery convictions were "related" and thus constituted only one prior conviction; in imposing that enhancement, the district court erred in characterizing those two prior offenses as "crimes of violence"; and he should have received a minor-role adjustment. In reviewing a post-*Booker* sentence, we still review the application of the advisory Guidelines as a first step in deciding whether a sentence is "reasonable". *E.g.*, *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Likewise, for that initial step, we still "apply ordinary prudential doctrines, [to] determin[e], for example, whether [an] issue was raised [in district court] and [,if not,] whether it fails the 'plain error' test". *Id.* (quoting *Booker*, 543 U.S. at 268).

## A.

In challenging his career-offender enhancement, Morales claims the district court erred in two ways: in treating his prior armed-robbery offenses as "*two* prior felony convictions", rather than as

"related" convictions, and, therefore, for Guidelines § 4B1.1 purposes, as a *single* prior felony conviction; and in adopting the PSR's characterization of these offenses as "crimes of violence".

1.

Regarding his prior convictions being treated as separate, Morales does not contend they were formally consolidated. Rather, he maintains his Hobbs and Carlsbad robberies were functionally consolidated because they were charged in cases with consecutive docket numbers, the judgments alluded to one another, and the sentences were imposed only days apart and were ordered to run concurrently.

Because Morales presented this claim at his initial sentencing, in his initial appeal, and at resentencing, we review the district court's interpretation and application of the now advisory Guidelines *de novo*; its factual findings for clear error. Clear error exists when a factual finding is not plausible in the light of the record. *United States v. Adam*, 296 F.3d 327, 334 (5th Cir. 2002).

For enhancement purposes, the Guidelines require courts to count "related" convictions as a single prior felony. *See* U.S.S.G. § 4B1.2(c) & cmt. n.3 ("prior convictions" under § 4B1.1 include only those counted separately under §§ 4A1.1 and 4A1.2). Along this line, Guidelines § 4A1.2(a)(2) states: "Prior sentences imposed in unrelated cases are to be counted separately. Prior

6

sentences in related cases are to be treated as one sentence." For the latter, "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing". U.S.S.G. § 4A1.2 cmt. n.3.

Morales contends his Hobbs and Carlsbad robberies were part of a common plan or scheme and, therefore, were functionally consolidated for sentencing in New Mexico. Our court has *not* adopted the functional-consolidation doctrine Morales urges. Rather, we have held that neither proximity of sentencing dates nor the imposition of identical concurrent sentences necessitates finding consolidation for purposes of a relatedness determination under § 4A1.2(a)(2). ***United States v. Metcalf***, 898 F.2d 43, 46 (5th Cir. 1990) (sentencing on same day does *not* call for finding consolidation); ***United States v. Flores***, 875 F.2d 1110, 1114 (5th Cir. 1989) (rejecting proposition that cases must be considered consolidated "[s]imply because two convictions have concurrent sentences"); *compare* ***United States v. Huskey***, 137 F.3d 283, 288 (5th Cir. 1998) (holding factually distinct offenses "charged in the same criminal information under the same docket number ... have been 'consolidated' ... and are therefore related").

For this issue, the district court applied the Guidelines correctly and, under the post-***Booker*** sentencing regime permitting factual finding by the district court, discussed *infra* in part

7

II.A.2, did *not* clearly err in finding Morales' prior armed-robbery convictions were *not* part of a common plan or scheme or otherwise related. Belying Morales' contentions, his Hobbs and Carlsbad robberies were committed on different dates, with different victims, in different cities, and were prosecuted pursuant to different arrest dates, cause numbers, judges, and sentencing dates.

2.

Morales' other challenge to his career-offender enhancement concerns his prior convictions' being treated as "crimes of violence" under Guidelines § 4B1.2(a). He maintains: because the record contains neither a citation to the New Mexico armed-robbery statute under which he was convicted, nor any related state-court documents, the district court violated the "categorical approach" required by *Shepard v. United States*, 544 U.S. 13 (2005), for characterizing prior convictions for enhancement purposes.

Morales could have raised this issue at resentencing because his general *Blakely* objection preserved it at his initial sentencing, and he presented it in his initial appeal. (When an issue is barred from being considered at resentencing is addressed *infra* in part II.B.) As noted *supra*, at resentencing, however, Morales did *not* raise this issue. Therefore, as Morales concedes in his reply brief, our review is limited to plain error. *E.g.*, *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005)

8

(failure to raise an objection in district court concerning its reliance on the PSR results in plain-error review). Plain error exists when a "clear" or "obvious" error affected a defendant's substantial rights. *Id.* Even if these conditions are met, an appellate court may "exercise its discretion to notice a forfeited error ... only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings". ***Johnson v. United States***, 520 U.S. 461, 467 (1997) (internal quotation marks and citations omitted).

"Under the categorical approach for sentence enhancements, a court determines the nature of a prior conviction by examining the statute under which the conviction was attained." ***United States v. Ochoa-Cruz***, 442 F.3d 865, 867 (5th Cir. 2006) (citing ***Shepard***, 544 U.S. at 15; and ***Taylor v. United States***, 495 U.S. 575, 602 (1990)). The categorical approach "calls upon courts to look at the statute[] at issue rather than the specific acts of the defendant". *Id.* Accordingly, our court has specifically rejected reliance on facts presented in a PSR to characterize prior offenses for enhancement purposes. *See* ***United States v. Garza-Lopez***, 410 F.3d 268, 274 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Instead, courts are limited to examining an offense's statutory definition and elements, the charging paper, a written plea agreement, the guilty-plea transcript, factual findings by the trial judge to which the defendant assented, or jury instructions. *See* ***Shepard***,

9

544 U.S. at 16 ("*Shephard* evidentiary limitations"); *Garza-Lopez*, 410 F.3d at 273.  In short, a district court may *not* enhance a sentence based solely on a PSR's "mere characterization" of prior offenses as crimes of violence.  *Ochoa-Cruz*, 442 F.3d at 867.

Nothing indicates the district court relied upon anything other than the PSR's characterization of the armed-robbery convictions as crimes of violence.  Therefore, for our limited plain-error review, the district court committed "clear" or "obvious" error in characterizing the convictions as "crimes of violence".  *See id.*

As stated, under our limited plain-error review, Morales must show this error affected his substantial rights.  *See id.*  He claims they were affected because the error caused his sentence to be increased.  On the other hand, he does not contend his armed-robbery convictions were not crimes of violence.

The Guidelines application notes include robbery as an offense constituting a crime of violence.  U.S.S.G. § 4B1.2 cmt. n.1.  Moreover, the PSR states Morales pleaded guilty to each count of armed robbery and notes the complaints in both cases alleged Morales and two accomplices robbed the Hobbs and Carlsbad banks "at gunpoint".  *E.g.*, *United States v. Caldwell*, 448 F.3d 287, 291 n.1 (5th Cir. 2006) ("Even after *Booker*, a PSR is presumed to be sufficiently reliable such that a district court may properly rely

10

on it [for factual determinations required by the Guidelines] during sentencing").

Finally, although it is not cited in the record, the New Mexico armed-robbery statute supports the conclusion that Morales' prior armed-robbery offenses were "crimes of violence" because that statute requires the use or threatened use of physical force against another. N.M. STAT. ANN. § 30-16-2 (1978) ("Robbery consists of the theft of anything of value from the person of another ... by *use or threatened use of force or violence*." (emphasis added)); *see also* U.S.S.G. § 4B1.2(a)(1) (defining "crime of violence" as, *inter alia*, any state or federal felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

Obviously, *armed* robbery falls within the definition of a crime of violence. Under our limited plain-error review, Morales fails to show the error affected his substantial rights.

B.

Morales next asserts the district court erred in refusing to award a downward adjustment for a minor role in the drug offenses, pursuant to Guidelines § 3B1.2(b). This issue is *not* reviewable because Morales did not raise it at his initial sentencing or in his initial appeal; instead, he raised it for the first time at resentencing. *E.g.*, **United States v. Moran**, 393 F.3d 1, 11 (1st Cir. 2004) ("In general, available claims of error not raised in an

11

initial appeal may not be raised during subsequent appeals in the same case." (emphasis omitted)); *Brooks v. United States*, 757 F.2d 734, 739 (5th Cir. 1985) (same).

Pursuant to the Government's unopposed motion to remand for resentencing under *Booker*, filed after Morales filed his brief for his initial appeal, the ordered remand allowed Morales, at resentencing, to continue to urge the issues he had raised on appeal, because our court had *not* ruled on them. At resentencing, however, he could *not* raise other, new issues.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*