UNITED STATES of America, Appellee,

v.

Albert LOPEZ, also known as "Sir Al," Defendant–Appellant.

No. 1042, Docket 91–1561.

United States Court of Appeals, Second Circuit.

Argued March 5, 1992.

Decided April 13, 1992.

Sarah A. Chambers, Asst. Federal Public Defender, New Haven, Conn. (Thomas G. Dennis, Federal Public Defender, of counsel), for defendant-appellant.

Theodore B. Heinrich, Asst. U.S. Atty., D. Conn. (Albert S. Dabrowski, U.S. Atty., D. Conn., of counsel), for appellee.

Before PIERCE and ALTIMARI, Circuit Judges, and SWEET, District Judge.*

ALTIMARI, Circuit Judge:

Defendant-appellant Albert Lopez appeals from a judgment of conviction entered in the United States District Court for the District of Connecticut (T.F. Gilroy Daly, *Judge*), following his plea of guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988). On appeal, Lopez challenges only his sentence, contending that the district court erred in refusing to treat two of his prior convictions as "related cases" within the meaning of section 4A1.2(a)(2) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (Nov. 1990).

For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

As a result of an undercover investigation into a major cocaine trafficking organization headed by Lopez, agents of the Connecticut Statewide Narcotics Task Force arrested Lopez on April 4, 1991. Pursuant to an agreement with the government, Lopez pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988).

At sentencing, the district court calculated Lopez's offense level under the Guidelines to be 30. This determination is not challenged on appeal. The district court further determined that Lopez's criminal record, which consisted of five prior state convictions, established a Criminal History Category of IV. In placing Lopez in Criminal History Category IV, the district court treated each of Lopez's five prior state convictions as "unrelated cases." *See* U.S.S.G. §§ 4A1.1 and 4A1.2(a)(2). Under the Guidelines, sentences imposed in "unrelated cases" are counted separately for purposes of computing the criminal history points which determine a defendant's criminal history category. *See id.* In contrast, sentences imposed in "related cases" are treated as one sentence in this computation. *See id.*

Lopez argued to the district court that two of his state convictions should be treated as "related cases." These two convictions involved crimes committed by him against the family of Elizabeth Morales. The first offense took place on June 21, 1988, when Lopez was arrested following an altercation outside the building in which the Morales's lived. Lopez had entered the Morales apartment, retrieved a 9 millimeter, semi-automatic pistol, and fired 12 rounds into an automobile belonging to one of the family members. Following his arrest, Lopez pleaded guilty to "criminal mischief in the second degree" in Connecticut Superior Court.

Lopez committed the second offense approximately three months later, on September 8, 1988. On that date, Lopez was arrested after striking a member of the Morales family on the head with a 9 millimeter handgun and firing the gun several times, narrowly missing Morales family members. Appearing before the same court, Lopez

---

* The Honorable Robert W. Sweet, United States District Judge for the Southern District of New York, sitting by designation.

entered a plea of guilty to "assault with a firearm in the second degree" and "possession of a pistol without a permit." Lopez was sentenced on January 17, 1989 by Judge Joseph A. Licari of the Connecticut Superior Court, who imposed a concurrent sentence for the offenses.

At his sentencing in the instant case, Lopez argued that these convictions should be treated as "related cases" within the meaning of the Guidelines, because the sentences for these offenses were imposed concurrently and were rendered by the same judge on the same day. According to Lopez, the offenses essentially had been "consolidated for sentencing," which, under the Guidelines, indicates that they are "related cases." *See* U.S.S.G. § 4A1.2, comment. (n.3). If treated as "related cases," Lopez would have received fewer points for these offenses, thereby resulting in a Criminal History Category III and a lower sentencing range.

The district court rejected the argument that the two offenses had been consolidated for sentencing. Accordingly, treating Lopez's five prior convictions as "unrelated," the district court calculated a total of eight criminal history points, establishing an applicable Criminal History Category of IV. Lopez's offense level of 30, combined with this criminal history category, yielded a sentencing range of 135 to 168 months. The district court sentenced Lopez to 140 months imprisonment to be followed by five years of supervised release.

Lopez now appeals.

## DISCUSSION

Lopez's sole contention on appeal is that the district court erred in refusing to treat two of his state convictions as "related cases," within the meaning of U.S.S.G. § 4A1.2(a)(2). Specifically, the issue presented is whether, because the sentences for these convictions were imposed by the same judge on the same day, and because concurrent sentences were imposed, the cases had been in effect consolidated and thus constituted "related cases." *See* U.S.S.G. § 4A1.2(a)(2).

Section 4A1.2(a)(2) of the Guidelines provides in pertinent part:

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of [computing criminal history points].

Application Note 3 to this section explains that "[c]ases are considered related if they," among other things "were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n.3); *see also* U.S.S.G. § 1B1.7 (indicating that commentary "may interpret the guideline or explain how it is to be applied"); *United States v. Larsen,* 909 F.2d 1047, 1049 n. 1 (7th Cir.1990); *United States v. Smith,* 900 F.2d 1442, 1447 (10th Cir.1990). We review *de novo* the district court's interpretation of whether cases are "related" under U.S.S.G. § 4A1.2(a)(2). *See, e.g., United States v. Shoulberg,* 895 F.2d 882, 884 (2d Cir.1990).

It is undisputed that the two offenses at issue were assigned separate docket numbers and were not subject to a formal order of consolidation. Lopez nonetheless argues that the cases were *de facto* consolidated because concurrent sentences were imposed by the same judge on the same day. We find this argument unpersuasive.

Although this Circuit has not directly addressed the issue of what constitutes consolidation for sentencing in determining whether cases are "related" under U.S.S.G. § 4A1.2(a)(2), we have previously held that the imposition of concurrent sentences at separate hearings does not alone establish that the convictions were consolidated for Guidelines purposes. *See United States v. Chartier,* 933 F.2d 111, 116 (2d Cir.1991). Nor do we find it dispositive that a defendant receives the concurrent sentences on the same day by the same judge. Indeed, the Fifth Circuit has recently held that "[s]imply because sentences run concurrently and were imposed on the same day does not require the sentences to be consolidated for guideline purposes absent a showing of a close factual relationship between the convictions." *United States v. Paulk,* 917 F.2d 879, 884 (5th Cir.1990); *see*

*United States v. Ainsworth*, 932 F.2d 358, 361 (5th Cir.) *cert. denied*, — U.S. —, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir.1990); *cf. United States v. Watson*, 952 F.2d 982, 990 & n. 4 (8th Cir.1991); *United States v. Rivers*, 929 F.2d 136, 139–41 (4th Cir.) *cert. denied*, — U.S. —, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). Although employing somewhat different reasoning, the Ninth Circuit also has held that a defendant's sentencing for multiple convictions at one hearing does not necessitate a finding that those convictions are "related" under U.S.S.G. § 4A1.2(a)(2) where the convictions are not factually related. *See United States v. Davis*, 922 F.2d 1385, 1390–91 (9th Cir.1991); *United States v. Gross*, 897 F.2d 414, 417 (9th Cir.1990).

Drawing on the analysis of the Fifth and Ninth Circuits, we hold that the imposition of concurrent sentences at the same time by the same judge does not establish that the cases were "consolidated for sentencing," and were therefore "related" under U.S.S.G. § 4A1.2(a)(2), unless there exists a close factual relationship between the underlying convictions. *See Paulk*, 917 F.2d at 884; *Davis*, 922 F.2d at 1390–91. In light of prevailing sentencing practices, requiring a close factual relationship between cases ensures that only truly related cases will be treated as such. As the district court in the present case noted, it is a common practice for defense counsel to endeavor to bring all pending sentencing involving a single defendant before one judge in the hope of receiving a more lenient cumulative sentence. Similarly, in the interest of easing crowded dockets and limiting costs, a judge may find it expedient to resolve all matters simultaneously with regard to one defendant. Such a practice plainly does not indicate that the cases were in fact consolidated for purposes of the Guidelines. *See Ainsworth*, 932 F.2d at 361.

Considering the applicable standard and the facts before us, we cannot conclude that there is a close factual relationship between the two state convictions at issue in this case. The offenses—which involved separate criminal acts—were committed ap-

proximately three months apart, were separated by an intervening arrest and, as Lopez concedes, were not part of a single plan. Where, as here, the only arguable link between the offenses is that the defendant directed his violence at the same family, no close factual relationship exists. *See Davis*, 922 F.2d at 1391 (holding that "sole fact that two underlying offenses share a common *modus operandi* has no bearing on whether the criminal cases associated with them are factually related"); *Metcalf*, 898 F.2d at 46 (two burglaries committed six months apart were not factually related). Accordingly, we conclude that the district court did not err in treating Lopez's five prior convictions as "unrelated cases" for purposes of the Guidelines.

### CONCLUSION

In light of the foregoing, the judgment of conviction of the district court is affirmed.