UNITED STATES of America, Appellee,

v.

Jeffrey AUBREY, Defendant–Appellant.

No. 888, Docket 92–1530.

United States Court of Appeals,
Second Circuit.

Argued Feb. 11, 1993.

Decided Feb. 16, 1993.

Gregory L. Waples, Asst. U.S. Atty., Burlington, VT (Charles A. Caruso, U.S. Atty., D.Vt., David V. Kirby, Asst. U.S. Atty., on the brief), for appellee.

Abraham L. Clott, New York City (The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City, on the brief), for defendant-appellant.

Before: KEARSE, CARDAMONE and PIERCE, Circuit Judges.

PER CURIAM:

Defendant Jeffrey Aubrey appeals from a final judgment of the United States District Court for the District of Vermont, convicting him following his plea of guilty before Fred I. Parker, Chief Judge, on one count of maliciously destroying an automo-bile by means of fire, in violation of 18 U.S.C. § 844(i) (1988). Aubrey was sentenced principally to 17 months' imprisonment, to be followed by two years' supervised release. On appeal, he contends that in calculating his Criminal History Category ("CHC") under the applicable federal Sentencing Guidelines ("Guidelines"), the district court erred by giving separate effect to two prior sentences imposed on him in unrelated cases pursuant to a single plea bargain. We disagree and affirm the judgment.

The Guidelines provide that in a CHC calculation, "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Guidelines § 4A1.2(a)(2) (eff. Nov. 1, 1989). "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* Application Note 3. In *United States v. Lopez,* 961 F.2d 384 (2d Cir.1992), we noted that the mere fact that a defendant has received concurrent sentences imposed "at the same time by the same judge does not establish that the cases were 'consolidated for sentencing,' and were therefore 'related' under U.S.S.G. § 4A1.2(a)(2), unless there exists a close factual relationship between the underlying convictions." 961 F.2d at 387. Thus, in *Lopez,* we held that where offenses (a) involved separate criminal acts, (b) were committed approximately three months apart, (c) were separated by an intervening arrest, (d) were not a part of a single plan, and (e) were arguably linked only by the fact that violence was directed at members of the same family, the convictions did not have the requisite close factual relationship.

In the present case, the court considered sentences previously imposed on Aubrey in circumstances similar to those in *Lopez.* In May 1989, Aubrey assaulted his then-fiancée, whom he married in July. In September 1989, while charges for that assault were pending, he attempted to break down the door of his mother-in-law's house and

was charged with unlawful mischief. Pursuant to a plea bargain, Aubrey pleaded guilty to the charge of unlawful mischief and nolo contendere to the assault charge. On the assault charge, he was sentenced to 10–12 months' imprisonment, with all but 90 days suspended, and was placed on probation; on the unlawful mischief charge, he was sentenced to 5–6 months' imprisonment, which was suspended, and placed on probation.

Given these circumstances, which parallel those at issue in *Lopez*, Aubrey argues that his case is distinguishable because in *Lopez* there had been no plea bargain. We see no meaningful difference. In *Lopez* we noted that

> a close factual relationship between cases [is required to] ensure[] that only truly related cases will be treated as such.... [I]t is a common practice for defense counsel to endeavor to bring all pending sentencing involving a single defendant before one judge in the hope of receiving a more lenient cumulative sentence. Similarly, in the interest of easing crowded dockets and limiting costs, a judge may find it expedient to resolve all matters simultaneously with regard to one defendant. Such a practice plainly does not indicate that the cases were in fact consolidated for purposes of the Guidelines.

961 F.2d at 387. The same considerations may inform the decisions of the prosecution and the defense as to whether or not a plea bargain covering all outstanding charges is desirable.

We conclude that the *Lopez* principle applies even if the sentences in the prior unrelated cases were imposed pursuant to a single plea bargain. Accordingly, Aubrey's prior sentences were properly treated as separate for the purpose of calculating his criminal history category. We have considered all of his arguments on this appeal and have found them to be without merit.

The judgment of conviction is affirmed.