UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                          No. 00-4419

LEONARD J. KNOTT, a/k/a Jamel,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-337)

Submitted: December 20, 2000

Decided: January 11, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott Brettschneider, Anthony G. Spencer, BRETTSCHNEIDER &
DIDIO, Kew Gardens, New York, for Appellant. J. Rene Josey,
United States Attorney, Robert H. Bickerton, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Leonard J. Knott appeals a 188-month sentence made pursuant to his guilty plea to conspiracy to distribute, and possession with intent to distribute, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (1994). Knott asserts that the district court erroneously sentenced him as a career offender.

Knott had previously been arrested and sentenced in New York for two crimes that took place in 1991. On September 22, 1991, Knott, then seventeen years old, was arrested for the criminal sale of controlled substances, which Knott had committed earlier that day. On November 3, 1991, Knott, then eighteen years old, was arrested for robbery. Knott pled guilty to both charges and, on April 20, 1992, Knott was sentenced to eighteen to fifty-four months imprisonment.

A defendant is sentenced as a career offender if he has at least two prior felony convictions for either a crime of violence or a serious drug offense. *See* USSG § 4B1.1 (1998). The sentences for the two prior felonies must be counted separately under USSG § 4A1.1. USSG § 4B1.2(c). Sentences for prior offenses that were not separated by an intervening arrest are considered related cases and counted as one sentence, *see* USSG § 4A1.2(a)(2), if they resulted from offenses that (a) occurred on the same occasion, (b) were part of a single common scheme or plan, or (c) were consolidated for trial or sentencing. USSG § 4A1.2, comment. (n.3).

On appeal, Knott argues that his prior offenses were consolidated for sentencing, though there was never a formal consolidation order. We disagree.

For cases to be related under USSG §§ 4A1.1-2, the offenses must be factually related or be formally consolidated. *United States v. Allen*, 50 F.3d 294, 296-98 (4th Cir. 1995). Knott fails to show a factual relationship between his prior offenses, and since there is no consolidation order, these cases are not related for sentencing. *See United States v. Rivers*, 929 F.2d 136, 139 (4th Cir. 1991) (noting that even

cases consolidated for plea bargaining are not related under the guidelines); *United States v. Lopez*, 961 F.2d 384 (2d Cir. 1992) (holding that offenses sentenced on the same day by the same judge are not related under the guidelines).

Accordingly, Knott is a career offender and was properly sentenced as such. We therefore affirm Knott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*