# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-40245

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY D. SALTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

February 2, 2001

Before POLITZ, SMITH, and PARKER, Circuit Judges.

POLITZ, Circuit Judge:

Randy D. Salter appeals his two concurrent sentences of 130 months for money laundering and conspiracy to possess with intent to distribute more than 100 kg of marihuana. Concluding that the district court erred in not grouping these two counts under U.S.S.G. § 3D1.2 and not combining Salter's prior conviction for tax evasion

with his prior federal conviction for drug trafficking under § 4A1.2, we vacate the sentence and remand for re-sentencing.

## BACKGROUND

Between March 1997 and May 1998, Salter and two others were involved in a drug conspiracy. They laundered proceeds through the purchase of a house in Corpus Christi, Texas, which subsequently was used for their illegal activities. An undercover investigation culminated in the negotiation for the sale of approximately 90 kg of marihuana. Once the sale was agreed to, Salter and his co-conspirators were arrested. The conspiracy involved a total of 135 kg of marihuana, the 90 kg involved in the negotiations, and an additional 45 kg discovered in the home. The total money laundered was determined to be $91,046.90 which included $500 in earnest money for the purchase of the home, $15,546.90 paid toward that purchase, $15,000 paid for the purchase of a boat, and $60,000 which was to be used to pay the undercover agent for the 90 kg of marihuana.

Salter pleaded guilty to conspiracy to possess with intent to distribute and money laundering. The PSI prepared for sentencing did not group the two offenses. The base offense level for the conspiracy charge was 26, with an adjusted offense level of 30. The base offense level for the money laundering charge was 23, with an adjusted level of 28. The multiple count adjustment under § 3D1.4 resulted in a

2

combined adjusted offense level of 32. Three levels were subtracted for acceptance of responsibility, resulting in a total offense level of 29.

Salter received three criminal history points for a prior drug related conviction and three criminal history points for a conviction for tax evasion, giving him six total points and a history category of III.

Salter objected at sentencing to the money laundering count not being grouped with the conspiracy count under § 3D1.2. He also objected to the PSI's criminal history category, claiming that it should have combined the tax evasion with the prior drug related conviction, thereby assessing a total of only three criminal history points. The court overruled the objections, adopted the PSI offense level and history category, sentenced Salter to two concurrent 130 month terms of imprisonment, to be followed by concurrent 8 year terms of supervised release, and imposed a fine of $2,500. This appeal followed.

## ANALYSIS

We review the trial court's application of the Sentencing Guidelines *de novo* and its findings of fact under the clearly erroneous standard.[1] Arguments raised for the first

---

[1]**United States v. Rice**, 185 F.3d 326 (5th Cir. 1999).

time on appeal are reviewed for plain error.[2]

Salter contends that the district court erred in refusing to group his drug trafficking count with his money laundering count under U.S.S.G. § 3D1.2 which provides:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
>
> (a)   When counts involve the same victim and the same act or transaction.
>
> (b)   When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
>
> (c)   When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
>
> (d)   When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

In **United States v. Gallo**,[3] we determined that Section 3D1.2 divided offenses into three categories regarding grouping: (1) those to which the section specifically applies; (2) those to which the section specifically does not apply; and (3) those for

---

[2]**United States v. Dabeit**, 231 F.3d 979 (5th Cir. 2000). At sentencing, Salter relied solely on § 3D1.2(b). On appeal he challenges the failure to group under subsections (b), (c), and (d). The challenges to subsections (c) and (d) are evaluated under the plain error standard.

[3]927 F.2d 815 (5th Cir. 1991).

which grouping may be appropriate on a case-by-case basis. As we noted in **United States v. Rice**,[4] grouping of money laundering counts with drug trafficking counts falls into the third category. **Gallo** found that "the offense level determination for offenses in this third category 'is in some parts legal rather than factual, and so is not shielded by the clearly erroneous standard.'"[5]

We previously have addressed this issue. In **Gallo**, we held that, under 3D1.2(b), distinct societal interests were invaded by the offenses of drug trafficking and money laundering, thus prohibiting grouping of the offenses under this subsection. However, when presented with the same issue in **Rice**, we recognized that the **Gallo** decision failed to address the issue under subsection (c).[6] Subsection (c) requires grouping where one of the counts embodied conduct that was treated as a specific offense characteristic in the guideline applicable to another of the counts.[7] In **United States v. Haltom**[8] we had held that, when a two point increase was applied to

---

[4]185 F.3d 326 (5th Cir. 1999).

[5]**Gallo**, 927 F.2d at 823 (quoting **United States v. Pope**, 871 F.2d 506, 509 (5th Cir. 1989)).

[6]**Rice**, 185 F.3d at 329.

[7]**United States v. Haltom**, 113 F.3d 43, 45 (5th Cir. 1997).

[8]Id.

5

Haltom's offense level for tax evasion because his unreported income was derived from criminal activity, in essence, the mail fraud conviction was being counted twice: once as a basis for the mail fraud conviction, and again as a specific offense characteristic of the tax evasion count. We there found that the purpose of subsection (c) was to prevent this type of double counting. The two offenses were required to be grouped under (c).

The panel in **Rice** found that the reasoning of **Haltom** applied to the facts presented in **Rice**. Specifically, we there held that:

> Rice's drug offenses were counted twice toward his sentence; once as the basis for his conviction on his drug counts, and again as a specific offense characteristic of the money laundering count. This had the effect of increasing Rice's money laundering offense level by three pursuant to § 2S1.1(b) because he knew or believed the funds he was receiving were the proceed of the unlawful distribution of marijuana. Thus, it is apparent that the drug offenses were used to enhance the money laundering offense level just as the mail fraud offense in **Haltom** was used to enhance the tax offense level.[9]

**Rice** is identical to the circumstances at bar. Although the prosecution attempts to distinguish the cases by maintaining that more money was involved in the money laundering conviction than in the drug trafficking conviction, this distinction fails. The holding in **Rice** is not based on the fact that there was a dollar for dollar accounting

---

[9]**Rice**, 185 F.3d 326, 329 (5th Cir. 1999).

6

between the transactions, nor should it be limited to those facts. Rather, it was based on the fact that the PSI had added additional points to the money laundering conviction because Rice knew that the funds were the proceeds of drug activity. This is precisely the factual scenario in the case at bar. The PSI added three points to the money laundering offense level because Salter knew that the funds were the proceeds of an unlawful activity involving the distribution of narcotics or other controlled substance. This is the *exact* conduct embodied by the drug trafficking count of the conviction. Therefore, grouping of these charges is required.

Accordingly, we hold that the district court erred when it failed to group counts one and three under U.S.S.G. § 3D1.2(c). Grouping of these counts would have resulted in an adjusted offense level of 30 (the higher adjusted offense level of the two counts). After the three level adjustment for acceptance of responsibility, the total offense level should have been 27, giving Salter a sentencing range of 87-108 months (Offense level 27, Criminal History category III). The minimum sentence for this offense is 120 months under 21 U.S.C. 841(b)(1)(B), which is above the maximum sentence under the guidelines. U.S.S.G. § 5G1.1(b) provides that, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." This would result in a required sentence of 120 months, unless there is cause for an upward

departure from the guidelines.[10] The prosecution did not present any evidence at the sentencing hearing which would demonstrate that an upward departure would be appropriate in this case.[11] To the contrary, the prosecution recommended 120 months. Therefore the appropriate sentence herein is 120 months.

Salter additionally contends that his prior conviction for tax evasion should have been combined with his prior federal conviction for possession with intent to distribute because the money he failed to report was the $75,000 profit he received from the drug trafficking involved in the possession conviction. U.S.S.G. § 4A1.2 provides that, "Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A.1.1 (a), (b), and (c)." The commentary to this subsection states that prior sentences are related "if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." It is clear that the $75,000 which Salter failed to report on his taxes was the profit from the drug trafficking venture. In **United States v. Robinson**, we held that offenses are part of a common scheme or plan where "commission of one crime entailed the commission of the other," i.e., the second offense could not have

---

[10]See U.S.S.G. § 5G1.1 *Commentary*.

[11]The prosecution presented no evidence at the sentencing hearing beyond the PSI.

8

occurred but for the first offense.[12] But for the drug trafficking Salter would not have had the $75,000. Therefore, he would not have been subject to conviction for tax evasion. Accordingly, these offenses should have been considered part of a common scheme or plan.

The prosecution contends that this proposition is a no longer an issue because the PSI was amended to combine the federal drug trafficking conviction with his other prior state drug trafficking conviction, thus resulting in zero criminal history points for the federal conviction. This submission, however, misses the point. Combination of the two drug offenses did not remove the points assessed against Salter for the tax evasion conviction. The two drug trafficking offenses were combined as a result of the plea agreement, not as a result of removing points for the relation of the drug trafficking to the tax evasion. The fact that the government voluntarily agreed to combine the drug offenses does not negate the requirement that the tax evasion offense must be combined with the drug trafficking offense under § 4A1.1. Therefore, the three criminal history points assessed against Salter for the tax evasion conviction should be removed, resulting in a total criminal history calculation of three. This reduces Salter's criminal history category from III to II. However, this change has no effective impact because

[12]187 F.3d 516, 520 (5th Cir. 1999).

9

the required sentence remains at 120 months. The sentence imposed is

VACATED and the matter is REMANDED for re-sentencing consistent herewith.