UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-10907

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH LYNN DAVIDSON,

Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas

———————————————————————————————

February 22, 2002

Before DAVIS and JONES, Circuit Judges, and BARBOUR,* District
Judge.

EDITH H. JONES, Circuit Judge:

Kenneth Davidson pleaded guilty to a 72 count indictment which
included seventy-one counts related to possession, interstate
trafficking and distribution of child pornography. Davidson argues
that the district court erred by failing to group the child
pornography offenses for sentencing purposes pursuant to United
States Sentencing Guidelines ("U.S.S.G.") § 3D1.2. We find that §

———————————

*District Judge of the Southern District of Mississippi, sitting by
designation.

3D1.2 did not require grouping of Davidson's offenses and AFFIRM the judgment of the district court.

**FACTS**

From June of 1998 through April of 1999, Davidson operated his personal computer as a pornography "fileserver" accessible via the internet. Davidson's fileserver operated under the name "Wildserv". Wildserv facilitated trading of computer images of child pornography, bestiality, bondage, rape, murder and other violent acts. Davidson advertised the existence of Wildserv in various internet chat rooms.

Davidson set up Wildserv to permit other computer users to download computer images of child pornography and violent acts. Davidson's computer images could not be downloaded until the user "uploaded" images of comparable content to Davidson's computer. Davidson posted the following rule on Wildserv regarding the type of uploaded images required to gain access to Davidson's files: "Only upload rape, snuff, preteens, teens, young bondage, torture, sleeping, drugged, and movies . . . Only the best will get unlimited access to my other server . . . Also panic pics."

On February 15, 2000, a grand jury returned a 72 count indictment against Davidson charging him with forty-nine counts of interstate transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A); nine counts of interstate distribution of

child pornography in violation of 18 U.S.C. § 1465; two counts of receipt of obscene matter in interstate commerce in violation of 18 U.S.C. § 1462; eleven counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b); and a single count of possession of an unregistered firearm in violation of 18 U.S.C. §§ 5861 and 5871. Davidson entered a guilty plea to all counts charged in the indictment without the benefit of a plea agreement. The district court imposed concurrent sentences of 151 months imprisonment for interstate transportation of child pornography, 60 months for interstate distribution, possession and receipt of child pornography, and 120 months for possession of an unregistered firearm.

At issue in this appeal is the propriety of the 151 month sentence imposed for interstate transportation of child pornography The parties agree that the Pre-Sentencing Report ("PSR") properly calculated Davidson's adjusted base offense level for each interstate transportation count, pursuant to U.S.S.G. § 2G2.2, as follows:

| | |
|---|---|
| Base Offense Level for Transportation of Child Pornography | 17 |
| Enhancement for material involving a minor | +2 |
| Enhancement for distribution | +5 |
| Enhancement for violent depictions | +4 |
| Enhancement for use of a computer | +2 |

3

Total Offense level                                   30.

The parties disagree about the district court's determination that Davidson's interstate transportation offenses warranted a five-level multiple-offense enhancement, pursuant to U.S.S.G. § 3D1.4, raising the total offense level to 35.

Davidson contends that the district court erred by refusing to group his interstate transportation offenses as "closely related counts" into a single offense pursuant to U.S.S.G. § 3D1.2(c). If grouped, Davidson's offenses would be treated as a single offense unit, and the five-level multiple-offense enhancement would not apply. The PSR, relying on United States v. Norris, 159 F.3d 926 (5th Cir. 1998), determined that Davidson's offenses were not amenable to § 3D1.2(c) grouping because Davidson's offenses involved multiple victims. The district court relied on the recommendations of the PSR and refused to group Davidson's offenses. Davidson now appeals his sentence.

## DISCUSSION

This court reviews the trial court's application of the sentencing guidelines *de novo* and findings of fact under the clearly erroneous standard. See, e.g., United States v. Salter, 241 F.3d 392, 394 (5th Cir. 2001). The guidelines in effect on the date of Davidson's sentencing are used to calculate his sentence. See Norris, 159 F.3d at 928 n. 1 (citation omitted).

4

The November 1, 1998, sentencing guidelines were in effect at the time of Davidson's sentencing. Section 3D1.2 provided as follows:

> **3D1.2. <u>Groups of Closely Related Counts</u>**
> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule: . . .
>    (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

U.S. SENTENCING GUIDELINES MANUAL § 3D1.2 (1998). Section 3D1.2 also provided a laundry list of "(1) [offenses] to which the section specifically applies; (2) [offenses] to which the section specifically does not apply; and (3) [offenses] for which grouping may be appropriate on a case-by-case basis." <u>Salter</u>, 241 F.3d at 394 (citing <u>United States v. Gallo</u>, 927 F.2d 815 (5th Cir. 1991)). Davidson's offenses fell into the case-by-case grouping category. However, on November 1, 2001, § 3D1.2 was amended, and Davidson's offense was placed on the list of offenses for which grouping is mandatory.[1]

Davidson contends that the district court erred by refusing to group his interstate trafficking offenses. First, Davidson argues that the November 1, 2001, amendment to § 3D1.2 is

---

[1] Amendment 615, effective on November 1, 2001, added §§ 2G2.2 and 2G2.4 to the list of offenses which require grouping. <u>See</u> U.S. SENTENCING GUIDELINES MANUAL § 3D1.2 (2001).

5

a clarifying amendment which must be retroactively applied.  In the alternative, Davidson argues that his offenses should be grouped pursuant to § 3D1.2(c) of the 1998 sentencing guidelines.  We reject both arguments.

### 1.    The amendment to § 3D1.2

Davidson urges retroactive application of Sentencing Guideline Amendment 615.  <u>See</u> U.S. SENTENCING GUIDELINES MANUAL, SUPP. TO APPENDIX C (2001).  An amendment to the sentencing guidelines is retroactive only "if it is intended to clarify application of a guideline [and] 'was not intended to make any substantive changes to [the guidelines] or [their] commentary . . . ."  <u>See</u> <u>United States v. Gross</u>, 26 F.3d 552, 555 (5th Cir. 1994) (quoting <u>United States v. Maseratti</u>, 1 F.3d 330, 340 (5th Cir. 1993)).

Amendment 615, as a substantive amendment to the guidelines, may not be retroactively applied.  First, the amendment added text to § 3D1.2 substantively changing the guideline.  Additionally, the commentary to Amendment 615 does not classify the amendment as a clarifying amendment, a description that would support the conclusion that the amendment is substantive.  Instead, the substantive nature of this amendment is evident in the commentary, which states:

> [T]he amendment addresses a circuit conflict regarding whether multiple counts of possession, receipt, or transportation of images containing child pornography should be grouped together pursuant to [§ 3D1.2]. . . . In addressing the circuit conflict, the Commission

6

adopted a position that provides for grouping of multiple counts of child pornography distribution, receipt, and possession pursuant to § 3D1.2(d).

U.S. SENTENCING GUIDELINES MANUAL, SUPP. TO APPENDIX C, 130 (2001); see also, United States v. McIntosh, __ F.3d __, 2002 WL 58867, *5 (5th Cir. 2002) (relying on commentary to Amendments to determine that Amendment was substantive rather than clarifying). "Further evidence that the sentencing commission did not intend Amendment [615] to be a clarifying change is that it is not included in the list of amendments to be applied retroactively." See McIntosh at *5 (citing U.S.S.G. § 1B1.10(c)). Amendment 615 does not apply to Davidson's sentence because it substantively changes § 3D1.2.

**2. Section 3D1.2(c) grouping**

Davidson next contends that the district court erred by refusing to group his offenses pursuant to § 3D1.2(c) of the 1998 guidelines. As stated earlier, Davidson's offenses fell into the case-by-case grouping category of § 3D1.2 at the time of his sentencing. The grouping determination for offenses in the case-by-case category "depends on factual and case-specific conclusions. A reviewing court must therefore give 'due deference' to the district court, and respect the informed judgements made by that court." Gallo, 927 F.2d at 823 (citing United States v. Pope, 871 F.2d 506, 509 (5th Cir. 1989)).

In United States v. Haltom, 113 F.3d 43, 46 (5th Cir. 1997), this court observed that the purpose of section 3D1.2(c) is

7

to prevent "double counting" of offense behavior. Haltom was convicted of tax evasion and mail fraud. Haltom's sentence for the tax evasion offense was enhanced on the basis of his mail fraud conviction. Haltom was then separately sentenced for the mail fraud offense. This court determined that the enhancement for mail fraud was impermissible double counting, and that § 3D1.2(c) required grouping of the tax evasion and mail fraud offenses because "the mail fraud count 'embodies conduct that is treated as a specific offense characteristic' of the tax evasion counts." Id.

Similarly, in United States v. Rice, 185 F.3d 326 (5th Cir. 1999), this court determined that § 3D1.2(c) required grouping of drug-related offenses with money laundering offenses. The court found that the drug offenses had been impermissibly double counted at sentencing; "once as the basis for [the defendant's] conviction on his drug counts, and again as a specific offense characteristic of the money laundering count." Id. at 329. In vacating Rice's sentence, the court again reiterated that the purpose of § 3D1.2(c) is to prevent double counting of offense conduct in sentencing. Id. at 328; see also, Salter, 241 F.3d at 395 (requiring grouping of drug trafficking and money laundering offenses because the drug trafficking offense was used to enhance the money laundering offense).

8

Davidson argues that Haltom and Salter require grouping of his pornography offenses because the district court applied a "distribution" enhancement to each of Davidson's interstate transportation of child pornography counts. Davidson's argument lacks merit. It is true that each of Davidson's forty-nine counts of interstate transportation of child pornography was enhanced for distribution pursuant to § 2G2.2(b)(2). However, unlike the offense conduct in Haltom and Salter, distribution is not a separate "count [which] embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another [] count." In other words, distribution is not being double counted because it is not a separate offense. Likewise, distribution is not a characteristic that links the separate interstate transportation offenses together. Distribution operates as an independent and unrelated enhancement of separate crimes have in the same sense as bodily injury is described in the commentary to § 3D1.2(c):

> It is not, for example, the intent of this rule that (assuming they could be joined together) a bank robbery on one occasion and an assault resulting in bodily injury on another occasion be grouped together. The bodily injury (the harm from the assault) would not be a specific offense characteristic to the robbery and would represent a different harm.

This is not to say that under the 1998 guidelines, multiple offenses involving interstate transportation of child

9

pornography could never be grouped under § 3D1.2(c); but they are not <u>required</u> to be so grouped, and should not be so grouped simply because each offense was aggravated by distribution.[2]  Therefore, the district court did not err by refusing to group Davidson's pornography offenses.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[2]     Davidson relies on <u>United States v. Ketcham</u>, 80 F.3d 789 (3rd Cir. 1996).  In <u>Ketcham</u>, the Third Circuit explained, in dicta, that grouping under § 3D1.2(c) is appropriate if the "pattern of activity involving sexual abuse or exploitation of a minor" enhancement of § 2G2.4(b)(4) is applied to multiple counts.  <u>Ketcham</u> held, however, that grouping pursuant to § 3D1.2 was not required because the "pattern of conduct" enhancement was incorrectly applied, and there was no "ongoing or continuous" conduct warranting grouping under § 3D1.2(d).  <u>See</u> <u>id.</u> at 795-96.  <u>Ketcham</u> does not support Davidson's contention that grouping is required in all cases involving multiple child pornography trafficking counts which are individually enhanced for distribution.