United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 02-41067
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIONICIO GONZALES, JR.,

Defendant-Appellant.

————————————

Consolidated with
No. 02-41073

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIONICIO GONZALEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
(B-02-CR-77-2
c/w B-95-CR-245-1)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

In two separate, consolidated appeals, Gonzalez contends: (1) the sentence imposed upon the revocation of his supervised release exceeded the statutory maximum; and (2) his conviction for violation of 18 U.S.C. § 841 is unconstitutional. We **VACATE AND REMAND** the former and **AFFIRM** the latter.

*In No. 02-41073*, Gonzales challenges the sentence imposed following the revocation of his supervised release from his 1996 conviction for possession with intent to distribute more than 50 kilograms of marijuana. For the first time on appeal, Gonzales contends that the 33 month sentence exceeded the statutory maximum sentence.

Because Gonzales failed to raise this issue in district court, we would normally review only for plain error. *See **United States v. Salter***, 241 F.3d 392, 394 (5th Cir. 2001). "However, because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error, our review of the issue presented in this appeal will be de novo." ***United States v. Sias***, 227 F.3d 244, 246 (5th Cir. 2000).

Because the maximum sentence for Gonzales' 1996 conviction was 20 years, the conviction was for a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). The statutory maximum sentence for the revocation of supervised release following such a

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

conviction is two years. 18 U.S.C. § 3583(e)(3). Accordingly, the 33 month sentence exceeded the statutory maximum and was illegal. The Government concedes that Gonzales' sentence was illegal and joins his request that we vacate the sentence and remand for resentencing.

In *No. 02-41067*, Gonzales challenges his guilty-plea conviction for possession with intent to distribute more than 100 kilograms of marijuana. For the first time on appeal, he contends that 21 U.S.C. § 841(a) and (b) are facially unconstitutional in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000).

Gonzales concedes his claim is foreclosed by ***United States v. Slaughter***, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001). He raises the issue only to preserve it for possible Supreme Court review.

Accordingly, in No. 02-41073, the sentence is **VACATED** and the case is **REMANDED** for resentencing; in No. 02-41067, the judgment is **AFFIRMED**.