United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10905
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERVIN GLEN ANDERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-165-ALL-H
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mervin Glen Anderson, federal prisoner # 12497-076, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his request for leave to file an 18 U.S.C. § 3582(c)(2) motion to modify his sentence. He argues that he should have been allowed to file in the district court a motion to modify his sentence based on Amendment 478, a 1993 amendment to the background commentary to U.S.S.G. § 2A4.1. U.S.S.G. App. C, Amend. 478 (1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Amendment 478 is not a listed amendment in U.S.S.G. § 1B1.10(c), p.s., and Anderson is seeking relief pursuant to 18 U.S.C. § 3582(c)(2), he is not entitled to take advantage of the amendment whether it contained substantive changes or merely clarified the Sentencing Guidelines. See United States v. Davidson, 283 F.3d 681, 684 (5th Cir. 2002); United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996). The district court did not abuse its discretion in denying Anderson leave to file an 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 478.

Because Anderson has not demonstrated a nonfrivolous issue for appeal, he cannot proceed IFP. See FED. R. APP. P. 24(a). Because his appeal is without arguable merit, it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2; see also Baugh v. Taylor, 117 F.3d 197, 201-02 (5th Cir. 1997).

We warn Anderson that the filing of any frivolous pleading in this court or any court subject to the jurisdiction of this court or the prosecution of any frivolous action or appeal will subject him to sanctions, including monetary penalties and additional restrictions on his ability to file actions and appeals. See also In re Anderson, No. 00-10484 (5th Cir. Apr. 26, 2002) (unpublished; barring Anderson from filing certain appeals, motions, or pleadings without permission).

MOTION FOR IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.