United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20403
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATRESHIA MSUGAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-320-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Latreshia Msugar appeals following her conviction in a bench
trial for being a felon in possession of a firearm, in violation
of 18 U.S.C. § 922(g)(1). Msugar argues that the district court
erroneously denied her motion to suppress the firearm and her
statements to police. Viewed in the light most favorable to the
Government, testimony at the suppression hearing showed that
police responded to a report that a maid had found a gun in a
hotel room by knocking on the door to Msugar's room. Two men
answered the door and were evasive about who was staying there

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but invited the officers inside. Msugar then appeared, stated that it was her room, and indicated that there was no contraband in the room. She gave police permission to search, however. The officers' attention was then drawn to a chair when Msugar suspiciously moved to sit in it, and police discovered a firearm hidden inside the cushion. Police informed Msugar of her Miranda[**] rights and asked about the gun. Msugar admitted that it was hers and that she was also a convicted felon. Police then arrested Msugar.

The testimony shows that police were invited inside the hotel and received voluntary consent to search the room. As part of the consensual search, they discovered the firearm and were entitled to seize it for their own safety while they continued their investigation. See United States v. Campbell, 178 F.3d 345, 348-49 (5th Cir. 1999). In light of the evasiveness and suspicious behavior of Msugar and her two companions, police had reasonable suspicion to continue questioning Msugar about the gun. See United States v. Chavez, 281 F.3d 479, 485 (5th Cir. 2002). The officers' questions were part of a valid investigatory detention, and the officers used a means of investigation calculated to quickly confirm or dispel suspicion. See, e.g., United States v. Brigham, 382 F.3d 500, 507 (5th Cir. 2004)(en banc). The district court did not err.

---

[**] Miranda v. Arizona, 384 U.S. 436 (1966).

Msugar also argues for the first time on appeal that the evidence was insufficient to support her conviction under § 922(g)(1) because the only proof that the firearm was "in or affecting commerce" was the stipulated fact that it had been manufactured out of state.  Because Msugar failed to raise this argument in the district court review is limited to plain error.  See United States v. Salter, 241 F.3d 392, 394 (5th Cir. 2001).  Msugar's argument is foreclosed by circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).  She concedes as much and states that she raises the issue only to preserve further review.

AFFIRMED.