# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 06-50934

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL MEZA,
also known as Samuel Mesa-Escobedo,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
3:05-CR-556

Before JONES, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Samuel Meza was convicted on a guilty plea for being unlawfully in the United States after removal in violation of 8 U.S.C. § 1326. He was sentenced to thirty-three months imprisonment. He appeals the district court's calculation of his sentence. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I. Factual and Procedural History

Samuel Meza was removed from the United States in December 2004. In February 2005, he reentered the country without having received the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States. He was found in El Paso, Texas and pleaded guilty and was convicted of illegal reentry into the United States.

Meza's Presentence Report ("PSR") recommended a total offense level of thirteen. Based on Meza's criminal history record, the PSR calculated his criminal history points as eleven, which included three criminal history points for his prior convictions and two points for having committed the instant offense less than two years following his release from custody in December 2004, resulting in a criminal history category of V. Based on total offense level of thirteen and a criminal history category of V, Meza's sentencing guidelines range was thirty to thirty-seven months. Meza objected to the PSR's assessment of nine criminal history points for each of his prior convictions. He argued that the convictions should have been counted as related cases not separate sentences, which would have reduced his criminal history category to III and his sentence guidelines range to eighteen to twenty-four months.

On appeal, Meza presents two reasons why his prior burglary and two theft convictions were related. First, he argues that because there was a joint plea agreement, a single arraignment, and a single sentencing hearing for all three cases, the convictions were related under the current U.S.S.G. § 4A1.2(a)(2). Second, Meza asserts that in light of the proposed amendment to § 4A1.2(a)(2), his prior convictions count as a single sentence because the amendment makes clear that sentences imposed together on the same day count as a single sentence for criminal history purposes. He states that this court should consider holding his appeal until the amendment's effective date on

November 1, 2007, and then remanding his case for resentencing. Meza also contends that his conviction was unconstitutional in light of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

## II. Discussion

### A.

We review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Huskey, 137 F.3d 283, 285 (5th Cir. 1998) (citation omitted).

Pursuant to current U.S.S.G. § 4A1.2(a)(2), prior sentences in unrelated cases are counted separately; prior sentences in related cases are treated as one sentence for the purpose of calculating a defendant's criminal history. The Sentencing Guidelines commentary provides the following explanation of the term "related:"

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest ( i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment n.3. Meza does not pursue relief under prongs (1) or (2); however, he contends that under prong (3) his prior convictions "were consolidated for trial or sentencing" and therefore should not have been counted separately in assessing his criminal history points.

This court has held that "a finding that prior cases were 'consolidated' will require either some form of factual connexity between them, or else a finding that the cases were merged for trial or sentencing." Huskey, 137 F.3d at 288. Where sentences are merely imposed on the same day and/or in the same proceeding, or

run concurrently, this court has refused to find that those sentences were consolidated. Id.; see also United States v. Metcalf, 898 F.2d 43, 46 (5th Cir. 1990) (finding that sentencing on same day does necessarily mean that cases were consolidated); United States v. Flores, 875 F.2d 1110, 1114 (5th Cir. 1989) (rejecting proposition that cases are consolidated "[s]imply because two convictions have concurrent sentences"). However, even cases that are factually distinct may be considered consolidated if they are charged in the same criminal indictment and under the same docket number. Huskey, 137 F.3d at 288.

In support of his contention that his cases were related, Meza submitted an affidavit from the El Paso County Public Defender, whose office had represented him in his three prior convictions. The affidavit explained that Meza's cases, while separately indicted, were "procedurally joined" and consolidated for the purpose of arraignment, conference, and plea. The public defender's affidavit also stated that all of the charges were disposed of in a single plea and sentencing proceeding as part of a plea bargain agreement. Meza agreed to plead guilty to all three of the indicted charges in exchange for a recommendation from the prosecutor that he receive three ten-year sentences to be served concurrently and the dismissal of a fourth unindicted charge. The plea deal was approved and Meza's guilty pleas were accepted; he was sentenced to three concurrent ten-year prison terms on the burglary and two theft offenses.

The PSR's recommendation was based on the fact that Meza's three prior convictions were each indicted separately and each had its own individual case number. Further, there was no formal consolidation order and the offenses were committed on different dates against different victims, and they resulted in three distinct harms. The district court agreed with the PSR, concluding that the prior convictions were not consolidated for § 4A1.2 purposes. The court stated that the fact that there happened to have been concurrent sentences and that three cases

were brought together for one hearing is not indicative of consolidation, stating that the latter act could have merely been for the sake of judicial economy.

We cannot conclude that the district court clearly erred in its factual findings. Morever, under the precedent of this court, we find that the district court properly concluded that Meza's prior convictions were unrelated for § 4A1.2 purposes as there was no formal consolidation order, each of his indictments had separate docket numbers, and each arose from separate incidents with no factual connectedness.

## B.

Meza contends for the first time on appeal that in light of a recent amendment to § 4A1.2(a)(2), this court should find that his three prior convictions are related. He argues that the proposed amendment is a clarifying amendment and urges this court to vacate and remand for resentencing. The proposed amendment provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).

§ 4A1.2(a)(2) (emphasis added).[1]  Based on part (B) of the proposed amendment, it is clear that Meza's three prior convictions would qualify as a single sentence for the purpose of calculating his criminal history points.

Amendments to the guidelines intended as clarifications, rather than substantive changes, may be considered on direct appeal even when the amendments were not effective at the time of sentencing.  United States v. Anderson, 5 F.3d 795, 802 (5th Cir. 1993), cert. denied, 510 U.S. 1137 (1994). However, this court has held it must be "clear or obvious" whether the amendment was intended to be a substantive change or merely a clarification as this court will not consider those amendments intended to change current law on direct appeal.  United States v. Huff, 370 F.3d 454 (5th Cir. 2004).

This court considers a number of factors when determining whether an amendment to the Sentencing Guidelines or its commentary is a substantive change or merely a clarification.  Where an amendment alters the language of the guideline itself, we have considered this evidence that a substantive change was intended.  See e.g., United States v. Davidson, 283 F.3d 681, 684 (5th Cir. 2002) (finding addition of text to guideline to be an indication of a substantive change); see also Huff, 370 F.3d at 466 (citing United States v. Camacho, 40 F.3d 349, 354 (11th Cir. 1994) (holding an amendment is substantive where it amends the guidelines rather than the commentary)).  Where the Commission indicates that the amendment is intended as a clarification, we have taken this as an indication of intent to clarify.  See Davidson, 283 F.3d at 684 (finding lack of commentary stating that amendment is clarifying supports conclusion that amendment is substantive); see also Huff, 370 U.S. at 466.  Conversely, where an amendment

---

[1] Current § 4A1.2(a)(2) reads in relevant part: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."

addresses a matter which it notes is intended to resolve circuit conflicts, we have found this to be an indication that the amendment is not clarifying. Davidson, 283 F.3d at 684. Finally, when the amendment is not listed as being retroactively applicable, we have taken this as an indication that the amendment is substantive. Id.; see also United States v. McIntosh, 280 F.3d 479, 485 (5th Cir. 2002) ("Further evidence that the sentencing commission did not intend [the amendment] to be a clarifying change is that it is not included in the list of amendments to be applied retroactively").

We find that each of these considerations weigh against Meza's contention that the proposed amendment to § 4A1.2 is a clarification. The proposed amendment significantly alters the language of the guidelines. The commentary to proposed § 4A1.2(a)(2) does not indicate that it is intended to clarify. Moreover, the Commission states that the amendment is due in part to the fact that circuit conflicts have developed over which prior sentences should be considered related. The Commission goes on to state that the purpose of the amendment was to simplify "the rules for counting multiple prior sentences and promote consistency in the application of the guideline," providing further support that this amendment is in fact a substantive change. Finally, the Commission did not indicate that this amendment is to be applied retroactively. Accordingly, Meza has not shown that the proposed amendment was intended merely to clarify. The amendment therefore does not apply to Meza's sentence because it substantively changes § 4A1.2(a)(2).

C.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Meza challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully

foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

### III.  Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.