# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-10430
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MERVIN GLEN ANDERSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-165-ALL

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Mervin Glen Anderson, federal prisoner # 12497-076, appeals the district court's denial of his request for a writ of audita querela challenging his sentence for kidnapping and violating the Mann Act. He argues that he is entitled to resentencing under Amendment 478 to the Sentencing Guidelines, which modified the background commentary to U.S.S.G. § 2A4.1, a Guideline pursuant to which he received a four-level enhancement to his base offense level. He asserts that audita querela relief is available because he has no other means of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raising his claim and that Amendment 478 should be applied retroactively because it was a clarifying amendment.

Even if audita querela relief were available to him, Anderson would not be entitled to it because Amendment 478 is not listed in U.S.S.G. § 1B1.10(c), and clarifying amendments to the Guidelines not listed in that subsection are not retroactively applicable except upon direct review. See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996). Anderson's appeal is without arguable merit. Accordingly, it is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

We have previously imposed a sanction against Anderson for filing frivolous challenges to his conviction and sentence and warned him that filing further frivolous challenges would result in the imposition of further sanctions. We now order Anderson to pay $200 as a sanction to the clerk of this court. Anderson is barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the total amount of the sanction imposed on him is paid in full. Moreover, the clerk of this court and the clerks of the district courts are directed to refuse to file any challenge by Anderson to his conviction or sentence unless Anderson submits proof of satisfaction of this sanction. If Anderson attempts to file any such notices of appeal or original proceedings in this court without such proof, the clerk shall docket them for administrative purposes only. Any such submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged. Anderson is also warned that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional sanctions, as will the failure to withdraw any such pending challenges that are frivolous.

APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.