# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2012

No. 11-10739
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MERVIN GLEN ANDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-165-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mervin Glen Anderson, federal prisoner # 12497-076, was convicted in 1991 of kidnaping and violating the Mann Act and was sentenced to 360 months of imprisonment. Glen Anderson has filed a motion to proceed as a sanctioned litigant and requests leave to proceed in forma pauperis (IFP) in his appeal from the denial of his motion to file a second 18 U.S.C. § 3582(c) motion and from the district court's denial of his motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10739

We previously imposed a $200 sanction after we dismissed as frivolous Anderson's appeal from the denial of relief based on his argument that he was entitled to a reduction in his sentence under Amendment 478 to the Guidelines. We warned Anderson that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction would subject him to additional sanctions. Anderson has paid the sanction. Accordingly, Anderson's motion to proceed as a sanctioned litigant is DENIED AS MOOT.

Only Anderson's motion to proceed IFP is before the court. When a district court certifies that an appeal is not taken in good faith, a prisoner may either pay the filing fee or challenge the district court's certification decision by moving for IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into the prisoner's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

A district court's decision whether to reduce a sentence under § 3582(c)(2) and its decision to deny a motion for reconsideration are reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997). Anderson's motion to file a second § 3582(c) motion, is repetitive, as he has twice before sought relief based on Amendment 478. This court has twice determined that Anderson's appeals from the denial of relief based on Amendment 478 were frivolous. *See United States v. Anderson*, No. 07-10430 (5th Cir. Dec. 11, 2007)*; United States v. Anderson*, No. 03-10905 (5th Cir. June 23, 2004). Anderson's appeal from the denial of the instant motion is, therefore, frivolous. *See Howard,* 707 F.2d at 219-20. His motion to proceed IFP is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

Anderson's filings indicate that he has ignored this court's warning that filing any future frivolous or repetitive challenges to his conviction or sentence

2

in this court or any court subject to this court's jurisdiction would subject him to additional sanctions. Therefore, IT IS ORDERED Anderson pay a monetary sanction of $300.

IT IS FURTHER ORDERED that the clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any challenge to Anderson's 1991 conviction, or appeal from such challenge, unless Anderson submits proof of satisfaction of the $300 sanction. If Anderson attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

Anderson is WARNED that, even if he pays the instant $300 sanction, the filing of any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to progressively more severe sanctions.