# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 11-60603
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMIE BREWER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CR-146-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jamie Brewer pleaded guilty to counts three, five, six, and nine of a nine-count indictment charging him with depriving persons of their civil rights while acting under color of law. Brewer was sentenced at the top of the guidelines imprisonment range to consecutive terms of imprisonment of 12 months for count three, 12 months for count five, 11 months for count six, and 11 months for count nine, for a total term of imprisonment of 46 months. He has appealed his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60603

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we consider initially whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-73 (5th Cir. 2009). If no such error is found or if the error is harmless, we then review the substantive reasonableness of the sentence imposed under an abuse of discretion standard. *Id.* at 753.

Brewer contends that the district court committed a procedural error by failing to group the counts under U.S.S.G. § 3D1.2(c). Although Brewer asserted in the district court that the counts should be grouped, he did so on other grounds. For that reason, our review of this issue has been for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although all four of Brewer's counts of conviction share the specific offense characteristic that they were committed while Brewer was acting under color of law, as Brewer contends, the fact that Brewer acted under color of law with respect to one count was not treated as a specific offense characteristic of any of the other counts. *See United States v. Davidson*, 283 F.3d 681, 685 (5th Cir. 2002). The specific offense characteristic was not double counted and was not a characteristic that linked the offenses together. *See id.* Rather, it operated as an independent and unrelated enhancement with respect to each of Brewer's separate crimes. *See id.*; *see also* § 3D1.2, comment. (n.5). No error has been shown, plain or otherwise.

Brewer contends that the sentence was substantively unreasonable. In this circuit, within-guidelines sentences are presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Brewer lists numerous factors that he contends would have supported a downward variance from the guidelines range: financial hardship, Army

2

commendations, war-related injuries and disabilities including post-traumatic stress disorder, and stable work history.  He argues that his criminal conduct was "completely out of character."

These contentions were considered by the district court and were rejected. Brewer has not rebutted the presumption of reasonableness.  *See id.*; *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (appellate review of sentencing decisions is highly deferential).  The judgment is

AFFIRMED.